IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

NOVEMBER SESSION, 1999

FILED

February 7, 2000

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE | ) | C.C.A. NO. 03C01-9902-CC-00071 |
| Appellee, | ) | |
| | ) | |
| V. | ) | HAMBLEN COUNTY |
| | ) | |
| | ) | HON. JAMES E. BECKNER, JUDGE |
| RONALD LOCKHART, | ) | |
| Appellant. | ) | (DUI, THIRD OFFENSE) |

FOR THE APPELLANT:                    FOR THE APPELLEE:

**GREG W. EICHELMAN**
District Public Defender
1609 College Partk Drive, Box 11
Morristown, TN  37813-1618

**PAUL G. SUMMERS**
Attorney General & Reporter

**ERIK W. DAAB**
Assistant Attorney General
2nd Floor, Cordell Hull Building
425 Fifth Avenue North
Nashville, TN  37243

**C. BERKELEY BELL, JR.**
District Attorney General

**JOHN F. DUGGER, JR.**
Assistant District Attorney General
363 Hamblen County Justice Center
510 Allison Street,
Morristown, TN  37814

OPINION FILED _____

AFFIRMED

THOMAS T. WOODALL, JUDGE

# OPINION

Defendant Ronald Lockhart appeals as of right from his conviction by a Hamblen County jury of driving under the influence, third offense, and driving with a revoked license.  Defendant challenges the sufficiency of the evidence to support

his conviction of driving under the influence. After a careful review of the record, we find no error, and affirm the judgment of the trial court.

## I. Facts

On August 14, 1998, Officer Randall Noe of the Morristown Police Department observed a Chevrolet van leave the Buffalo Trail shopping center in Morristown around 9:00 PM. Officer Noe followed the van for a short distance, and when the van was on Sherwood Drive the officer observed the van drift over the center line and move back within its lane of travel. The van then turned on to North Liberty Hill Road, a three lane road with one lane of travel in each direction, and a center lane for turning. On two occasions Officer Noe observed the van drift in to the turn lane, and move back within its lane of travel. The officer also saw the van weave within its lane of travel. The officer pulled the van over.

Defendant was driving the van, and Officer Noe asked him for his driver's license. Defendant could not produce one. At this point the officer became concerned that Defendant was intoxicated:

> I noticed that while he was standing that he didn't have a particularly steady stand, that he was unsteady on his feet. He didn't seem to have an appropriate balance to me. And in speaking to him face to face, I could smell the odor of an alcoholic beverage coming from his person and on his breath.

Officer Noe asked Defendant if he had been drinking, and Defendant replied that he had consumed "quite a few drinks." We note that Defendant's brief describes this moment with a quote from Martin Luther: "Hier stehe ich. Ich kann nicht anders. Gott helfe mir. Amen." Martin Luther, Speech at the Diet of Worms, (Apr. 18, 1521) (Here stand I. I can do no other. God help me. Amen.)

Officer Noe next administered two field sobriety tests–the "walk and turn" and "one-leg stand." The "walk and turn" test requires the subject to walk in a straight line for nine steps, placing one foot directly in front of the other, touching the heel of the moving foot to the toe of the planted foot. After nine steps, the subject is to turn around, and walk nine steps back to the spot he started from in the same manner. Officer Noe described how Defendant failed the "walk and turn":

> What I witnessed . . . is that when he was asked to stand with his heel touching his toe and to listen to the instruction that he couldn't keep his balance, that he could not keep his heel touching his toe standing still. He tried to start walking on into the test without waiting for the instructions to be completed . . . . Another thing that I noticed is that during the first nine steps and also on the second nine steps that he missed his heel to toe contact with the steps that he took. There was no mark line available on the pavement at the point these tests were given, but I also noticed that using his best judgment that he didn't stay in a straight line in walking . . . . I'd asked that nine steps be taken and on the way down he took eleven, and on the way back he took eleven.

The "one-leg stand" test requires the subject to stand on one leg (the subject chooses which one) and hold the other leg out in front of him, about six inches off the ground, while counting to 30. At the same time, the officer looks at his watch to see how much time actually elapses. Office Noe also testified how Defendant failed the "one-leg stand' test:

> Mr. Lockhart made two attempts to do this test after he was instructed what to do. On both attempts, in particular on the first attempt, he put his foot down three times within the first 10 seconds of trying the test. And based on my training . . . if that occurs . . . there is probably a danger that the person could fall . . . . I stopped the first test and made sure again that he understood the instructions . . . . He tried the test again, and again the result was that within the first ten seconds his foot was down three times, and I stopped the test to prevent anything that could harm him.

Both tests were recorded by a video camera on a police cruiser, and the tape substantiates Officer Noe's description of events.

Officer Noe testified that at this point he believed Defendant to be drunk, and "there was no way that I was going to put him back behind the steering wheel of a

3

vehicle." Officer Jack Everhart, who backed-up Officer Noe for this particular stop, also testified that at the conclusion of the field sobriety tests he believed Defendant to be drunk. At this point Officer Noe placed Defendant under arrest and transported him to the Morristown Police Department.

At the police department Defendant consented to take a breathalyzer. Officer Noe testified that all three tests were inconclusive because Defendant blew an insufficient amount of air into the machine each time: "It appeared to me that [Defendant] would suck on the hose instead of blow into the hose." Defendant then refused to take a blood test, citing his fear of needles.

At trial Defendant stipulated that he had two prior DUI's, and that his driver's license was revoked at the time of the traffic stop at issue. The trial court, however, chose to proceed and charge the jury with the count of driving with a revoked license. Defendant also presented proof that explained otherwise incriminating evidence against him. Defendant testified that his van's front tires "scrub" the front fender, and Defendant testified that he used Listerine around 5:00 PM. Defendant and Defendant's sister also testified that he had poor balance and difficulty walking after he had been sitting for a period of time, a condition that Defendant attributed to his employment as a roofer. Specifically, Defendant testified as to the "one leg stand" test:

Q: What problems, if any, do you want to tell the jury about that test?
A: That's part of where I don't keep my balance good. It's hard to stand on one leg.
Q: And yet you're a roofer?
A: I'm a laborer for roofers.
Q: You go up on roofs, though?
A: Yes, sir.
Q: How do you keep from falling?
A: I don't walk heel to toe.

## II. Analysis

4

When an accused challenges the sufficiency of the convicting evidence, the standard is whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. State v. Shepherd, 902 S.W.2d 895, 903 (Tenn. 1995) (citing Jackson v. Virginia, 443 U.S. 307, 322-25 (1979)). Questions concerning the credibility of the witnesses, the weight and value to be given the evidence, as well as all factual issues raised by the evidence, are resolved by the trier of fact, not this Court. State v. Pappas, 754 S.W.2d 620, 623 (Tenn. Crim. App. 1987). Nor may this Court reweigh or reevaluate the evidence. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978).

A jury verdict approved by the trial judge accredits the State's witnesses and resolves all conflicts in favor of the State. State v. Grace, 493 S.W.2d 474, 476 (Tenn. 1973). On appeal, the State is entitled to the strongest legitimate view of the evidence and all reasonable inferences therefrom. Cabbage, 571 S.W.2d at 835. Because a verdict of guilt removes the presumption of innocence and replaces it with a presumption of guilt, the accused has the burden in this Court of illustrating why the evidence is insufficient to support the jury verdict returned by the trier of fact. State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982).

Defendant argues that the observations of Officers Noe and Everhart, the field sobriety tests, and the videotape thereof, are insufficient to prove that Defendant was intoxicated. The crux of this argument is that there are alternative explanations for Defendant's erratic driving, the aroma of alcohol about his person, and poor performance on the field sobriety tests; i.e. mechanical problems could have caused the non-linear travel of Defendant's vehicle, lingering Listerine gave Defendant an alcohol-type perfume, and Defendant's many years of work as a roofer rendered him unable to walk a straight line on a flat surface. As inspiration for this latter argument Defendant cites Kant's thoughtful observation that "[o]ut of the crooked timber of humanity no straight thing was ever made." Immanuel Kant, Idea for a Universal

History from a Cosmopolitan Point of View, reprinted in Kant On History 17-18 (Lewis White Beck, ed., MacMillan, 1963) (1784).

The above evidence presented classic questions of fact and credibility for the jury to resolve. The jury rejected the testimony of Defendant, and accepted that of Officers Noe and Everhart. This Court's role does not include reweighing the evidence. The State presented sufficient evidence such that a rational trier of fact could have found, beyond a reasonable doubt, that Defendant was "under the influence" within the meaning of the statute. Although Defendant denied such, and presented evidence to explain, it was for the jury to decide who to believe.

### III. Conclusion

For the above reasons we affirm Defendant's conviction of driving under the influence, third offense, and driving with a revoked license.

_____
THOMAS T. WOODALL, Judge

CONCUR:

_____
JOSEPH M. TIPTON, Judge

_____
JERRY L. SMITH, Judge